**STATE of Tennessee, Appellant,**

v.

**Grace FRESEMAN, Appellee.**

Court of Criminal Appeals of Tennessee, at Nashville.

Aug. 22, 1984.

Permission to Appeal Denied by Supreme Court Nov. 13, 1984.

Robert N. Skinner, Nashville, for appellee.

William M. Leech, Jr., Atty. Gen., Jerry L. Smith, Asst. Atty. Gen., David I. Komisar, Asst. Dist. Atty. Gen., Nashville, for appellant.

OPINION

JOHN D. TEMPLETON, Special Judge.

The grand jury in Nashville returned indictments against various individuals in connection with the operation of a bawdy house, including one against Grace E. Freseman. The judge dismissed the indict-

ments because the assistant district attorney representing the state would not comply with rules of court and orders of the judge. The grand jury reindicted the parties, including Freseman, for offenses growing out of the same operation and in some cases for the same offenses. Although a new assistant district attorney appeared for the state on the second indictments and his conduct of the state's cases was not objectionable, the judge dismissed the second indictments, too. The state appealed dismissal of the second indictments, not the first, and we have before us the one against Freseman. Concluding the judge erred, we reverse the judgment and remand for trial.

■ Freseman's motion to dismiss the second indictment against her included a claim of double jeopardy. The action relied on to support the claim of double jeopardy was the dismissal of the first indictment as a sanction against the state for the conduct of the assistant district attorney. Since the dismissal was for matters unconnected with a determination of guilt or innocence and no trial on the merits commenced, we think no jeopardy attached. *Delay v. State*, 563 S.W.2d 905 (Tenn.Cr.App.1977).

■ Freseman's motion contained no claim of denial of a speedy trial but it appears the claim was advanced in argument. The first indictment was returned February 25, 1983 and finally dismissed July 11, 1983. The second indictment was returned July 15, 1983 and dismissed September 19, 1983. Both were for offenses alleged to have occurred in December 1982. The charges were dismissed on Freseman's motion and she naturally demanded no trial. The record reveals no prejudice she sustained by the delay. Weighing the conduct of the prosecution and the defendant in the light of the factors prescribed by law, we think there was no such denial of a speedy trial as would entitle her to relief. *State v. Bishop*, 493 S.W.2d 81 (Tenn.1973).

A reading of the judge's comments indicates that actually he did not rely on double jeopardy or speedy trial grounds in dismissing the second indictment. He re-

lied entirely on our Rules. As we understand his view, the Rules conferred authority on him to terminate the prosecution altogether which he did by dismissing the first indictment. The case could not be revived by reindictment and he dismissed the second indictment for that reason.

As shown by the minutes, the judge dismissed the first indictment "because of the intentional gross misconduct of the prosecuting attorney by repeatedly refusing to comply with time deadlines established by Rule 12 and 16 of the Rules of Civil (sic) Procedure and Rule 10 of the Local Rules and by refusing to file a bill of particulars as previously ordered by the Court". The only Rule applicable is Tenn.R.Crim.P. 16(d)(2). Finding unproductive or inappropriate the sanctions of order to comply, or continuance, or exclusion of evidence, the judge elected the only other alternative the Rule makes available to the court which is to "enter such other order as it deems just under the circumstances". He deemed dismissal the appropriate order. And, as already alluded to, he construed the Rule to authorize termination of the case.

In a civil case involuntary dismissal for failure to comply with the Rules of Civil Procedure or an order of the court is a sanction against the plaintiff expressly provided for. And unless otherwise specified in the order, dismissal operates as an adjudication on the merits. T.R.C.P. 41.02. But there is no express provision in the Rules of Criminal Procedure for involuntary dismissal as a sanction against the state for its failure to comply with discovery rules or orders of the court and no express provision for such a dismissal to be either on the merits or otherwise a bar to reindictment. If such provisions exist at all they exist only by implication in that part of Tenn.R.Crim.P. 16(d)(2) for the court to "enter such order as it deems just under the circumstances".

■ Since the dismissal of the first indictment is not appealed, we are not compelled to decide whether the judge in that case abused his discretion or whether un-

der the Rule he had authority to dismiss at all. We address only the dismissal of the second indictment. The procedure under it being uninfected by state misconduct there could be no dismissal for that reason. Our only inquiry is whether dismissal of the first indictment terminated the prosecution and for that reason the second indictment was subject to dismissal. We think not. The order of dismissal of the first indictment did not purport to be on the merits or to foreclose reindictment. And in our opinion the Rule does not imply such a dismissal terminates prosecution.

We conclude the judge improperly dismissed the second indictment. And we reverse and remand for trial or other appropriate proceedings.

O'BRIEN and SCOTT, JJ., concur.