# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JANUARY SESSION, 2000

FILED

March 17, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. M1999-00254-CCA-R3-CD |
| | ) | |
| Appellant, | ) | |
| | ) | MONTGOMERY COUNTY |
| VS. | ) | |
| | ) | |
| GEORGE DEVON COLLINS, | ) | HON. JOHN W. GASAWAY, III, |
| | ) | JUDGE |
| Appellee. | ) | |
| | ) | |
| | ) | (State Appeal—Dismissal of |
| | ) | Indictment) |

| | |
|---|---|
| **FOR THE APPELLEE:** | **FOR THE APPELLANT:** |
| THOMAS R. MEEKS | PAUL G. SUMMERS |
| 137 Franklin Street | Attorney General and Reporter |
| Clarksville, TN 37040 | |
| | KIM R. HELPER |
| | Assistant Attorney General |
| | 425 Fifth Avenue North |
| | Nashville, TN 37243 |
| | |
| | JIM CARNEY |
| | District Attorney General |
| | |
| | DANIEL BROLLIER |
| | Assistant District Attorney General |
| | 120 Legion Street |
| | Clarksville, TN 37040 |

OPINION FILED _____

AFFIRMED

**DAVID H. WELLES, JUDGE**

# **OPINION**

The State appeals as of right from the order of the trial court dismissing the case following the State's refusal to reveal the identity of its confidential informant after having been ordered to do so by the trial court. The State sets forth the following issue for our review: whether the trial court abused its discretion by dismissing the indictment when the State did not reveal the identity of its confidential informant. We hold that the trial judge did not abuse his discretion by dismissing the indictment, and we affirm the judgment of the trial court.

The Defendant, George Devon Collins, was indicted by the Montgomery County Grand Jury for one count of criminal trespass and seven counts of drug-related offenses occurring within one-thousand feet of a school. On April 9, 1999, the Defendant filed a motion asking the trial court to order the State to reveal the identity of the alleged informant used to secure the search warrant for the residence in which the drugs, which were the basis for the indictment, were found. The Defendant alleged that the informant could provide exculpatory testimony which would contradict the charges against him. After a hearing on April 23, 1999, the trial court found that the confidential informant was a material witness because the residence in which the drugs were found was not the Defendant's residence, and the informant could testify that even though the Defendant was present at the residence, the drugs at the residence were not the Defendant's. The trial court thus ordered the State to reveal the identity of the confidential informant prior to trial.

On April 26, 1999, the day the case was set for trial, the Defendant informed the trial court that the State had elected not to reveal the identity of the informant as ordered, and the Defendant asked the court to dismiss the case. The following colloquy then occurred between the parties:

> THE COURT: The State elects not to proceed?
>
> STATE: No sir, the State will not disclose the identity of the informant though.
>
> THE COURT: So you move to dismiss?
>
> STATE: No, sir, I am not moving to dismiss.
>
> THE COURT: Well, then disclose the identity.
>
> STATE: The State would ask for permission to file an interlocutory appeal on the Court's decision?
>
> THE COURT: Prepare your papers.
>
> STATE: Yes, sir.
>
> THE COURT: Mr. Meeks, are you ready this morning?
>
> DEFENSE: Yes, we are ready. But I can be ready – I am here ready for trial, but since they have not given me my discovery, I cannot go forward.
>
> THE COURT: Mr. Brollier [Assistant District Attorney], have you got anything before the Court in the way of an application for an interlocutory appeal? I mean, have you filed something?
>
> STATE: No, sir, I understood – I presumed, Your Honor, that the Court would treat this case as you did the Lawrence Jackson Case last week, and on the defendant's motion would dismiss the case. The State is not moving to dismiss the case. I could file the appeal—
>
> THE COURT: Here is the way I see it, and you can think about it and tell me if I am wrong. You are right, I granted the defendant's motion [in the Lawrence Jackson case] and the defendant moved to dismiss. I got to thinking about it however, after the fact, the current order before – you know, the current order of the Court is for the State to disclose. It is not as if you have an option of choosing to disclose or not because I have ordered you to . So, you either do it

-3-

or you choose not to proceed. I will grant your motion, Mr. Meeks, but for further consideration, think about what the Court has said. It really ought to be shown dismissed on a motion of the State. I am not going to do it in this case. I will dismiss it on motion of the defendant. But think about what the Court said. In the future, if it happens again, it is not as if you can just defy a Court order. You can't. So, if you say that you are not going to disclose, then it is on the State to dismiss. Think on that, and if you think the Court is wrong, that's fine, I'll consider it another day. But this case, I will dismiss on the defendant's motion.

DEFENSE: With prejudice, Your Honor?

THE COURT: And the State's application or motion to file an interlocutory appeal is denied. There is nothing before the Court today.

It is from the dismissal on the motion of the Defendant that the State appeals, alleging that the trial court abused its discretion by dismissing the indictment. However, in its brief the State argues that the trial court abused its discretion by ordering the State to reveal the identity of its confidential informant. It asserts that the trial court's order dismissing the indictment should be reversed because the court erred in ordering the State to reveal the identity of its informant. We conclude that the issue of whether the trial court abused its discretion in ordering the State to reveal its informant is not properly before us; thus, we will not consider it in this appeal.

Rule 3(c) of the Tennessee Rules of Appellate Procedure governs the availability of an appeal as of right by the State in a criminal case. It provides as follows:

> In criminal actions an appeal as of right by the state lies only from an order or judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) the substantive effect of which results in dismissing an indictment,

information, or complaint; (2) setting aside a verdict of guilty and entering a judgment of acquittal; (3) arresting judgment; (4) granting or refusing to revoke probation; or (5) remanding a child to the juvenile court. The state may also appeal as of right from a final judgment in a habeas corpus, extradition, or post-conviction proceeding.

Tenn. R. App. P. 3(c). The specific provision governing this appeal as of right is Rule 3(c)(1), which allows an appeal from an order entered by the trial court that results in the dismissal of the indictment. Thus, the only issue properly before us is whether the trial judge abused his discretion by dismissing the indictment due to the State's refusal to comply with the court's order.

Had the State wished to appeal the order of the trial court mandating the disclosure of the identity of the confidential informant, it should have filed an interlocutory appeal pursuant to either Rule 9 or Rule 10 of the Rules of Appellate Procedure. It appears from the discussion between the parties and the court on the day of trial that the trial court would have granted permission to file an interlocutory appeal pursuant to Rule 9 if the State had filed the proper motions and had not suggested to the court that it dismiss the case on the Defendant's motion. If the trial court had refused permission, the State could have applied to this Court for interlocutory review under Rule 10. These are the only procedures available for the State to seek review of an interlocutory trial court order which does not have the substantial effect of dismissing the charges. See Tenn. R. App. P. 3, 9, 10.

We now turn to the issue that is properly before us, and we conclude that the trial court did not abuse its discretion by dismissing the indictment when the

State refused to comply with the trial court's order. There is no rule directly providing for the dismissal of an indictment for failure to comply with court-ordered discovery, but Tennessee Rule of Criminal Procedure 16(d)(2), concerning the regulation of discovery, provides as follows:

> Failure to Comply with a Request. – If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, <u>or it may enter such other order as it deems just under the circumstances</u>.

(Emphasis added). In examining failure to comply with discovery, we have emphasized that a trial court has great discretion in fashioning a remedy for non-compliance with discovery. See <u>State v. James</u>, 688 S.W.2d 463, 466 (Tenn. Crim. App. 1984). The sanction applied must fit the circumstances of the individual case. See <u>id.</u>; <u>State v. Cadle</u>, 634 S.W.2d 623, 625 (Tenn. Crim. App. 1982).

Although Tennessee Rule of Criminal Procedure 16(d)(2) does not specifically provide that a trial court may dismiss an indictment when a party fails to comply with a discovery order, we believe that authority is apparent under the provision granting the court the authority to "enter such other order as it deems just under the circumstances." See <u>State v. Street</u>, 768 S.W.2d 703, 710 (Tenn. Crim. App. 1988); <u>State v. Freseman</u>, 684 S.W.2d 106, 107 (Tenn. Crim. App. 1984) (suggesting that if a trial court has the authority to dismiss a case as a sanction for failure to comply with discovery orders, it is implied authority pursuant to Tenn. R. Crim. P. 16(d)(2)). Under facts such as those presented in this case, dismissal is the only just sanction available to the trial court. The

sanctions enumerated in the rule would be either ineffective or inappropriate. After a hearing, the trial court ordered the State to disclose the identity of its confidential informant. On the day of trial, the State informed the court that it would neither obey the trial court's order nor dismiss the case. The trial court was therefore faced with the option of imposing some sort of sanction or allowing the State to simply defy the order of the court. Because the State had already been ordered to reveal the identity of the informant, a further order to comply would have been ineffective. Likewise, a continuance would have been ineffective because the State indicated a refusal to reveal the identity of the informant at any time. Exclusion of evidence would have been inappropriate because the evidence was sought on behalf of the Defendant. Citing the assistant attorney general for contempt of court would not necessarily have resolved the trial judge's dilemma. Without the option of dismissing the case, the trial court would have had no effective sanction for failure to comply with its order. To leave a trial court with no means to enforce its orders would subvert the judicial process.

Accordingly, we hold that the trial judge did not abuse his discretion in dismissing the indictment due to the State's refusal to comply with the court's order to disclose the identity of its confidential informant. The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

CONCUR:

-9-

_____
JERRY L. SMITH, JUDGE


_____
L.T. LAFFERTY, SENIOR JUDGE