IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
August 16, 2005 Session

## STATE OF TENNESSEE v. SHANNON A. HOLLADAY

**Appeal from the Criminal Court for Anderson County**
**No. A4CR0044     James B. Scott, Jr., Judge**

-------

**No. E2004-02858-CCA-R3-CD - Filed February 8, 2006**

-------

An Anderson County grand jury indicted the defendant, Shannon A. Holladay, for one count of vehicular homicide by intoxication, a Class B felony, and one count of vehicular homicide by recklessness, a Class C felony.  Before trial, the defendant filed a motion to suppress the evidence obtained from the air bag sensor module in the defendant's car, which the Anderson County Criminal Court granted.  The state appeals, contending that the trial court erred in granting the defendant's motion to suppress.  We dismiss this case for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Case Dismissed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, J., joined.  GARY R. WADE, P.J., filed a concurring opinion.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; James N. Ramsey, District Attorney General; and Jan Hicks, Assistant District Attorney General, for the appellant, State of Tennessee.

J. Thomas Marshall, Jr., District Public Defender, for the appellee, Shannon A. Holladay.

## OPINION

This case relates to the defendant's involvement in a fatal car accident.  The defendant alleged in her motion to suppress that Tennessee Highway Patrol officers obtained a reading from her air bag sensor module during a warrantless search of her car and that no exception to the general warrant requirement existed to justify the search.  The trial court granted the defendant's motion, and the state appealed pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure.

Tennessee Highway Patrol Trooper Bill Fox was the only witness to testify at the suppression hearing.  Trooper Fox testified that he was a crash reconstructionist for the Critical Incident Response Team of the Tennessee Highway Patrol.  He said Trooper Crumpley contacted him the day after the accident to run a test on the air bag sensor module in the defendant's car.  He said Trooper

Crumpley told him that the car had crossed the centerline and hit a Ford pick-up truck head on but revealed nothing else about the accident. Trooper Fox said he had been trained to use the crash data retrieval system but acknowledged this was the first accident investigation in which he had used the equipment.

Trooper Fox testified he met Trooper Crumpley at Lowe's Towing in Clinton, Tennessee. Trooper Fox said the air bag sensor module in the defendant's car was located underneath the carpet under the passenger's seat. He said he made a one or two inch cut in the carpet to gain access to the module. He said he took a reading from the module that loaded the pre-crash data onto his laptop computer. He testified that the pre-crash data was only for the five seconds before the air bag deployed and that it consisted of speed, engine speed, throttle, braking, seatbelts, and the number of times the ignition was turned on and off.

Trooper Fox testified that he did not run this test on the Ford pick-up truck because at the time, the highway patrol only had the equipment to read the air bag sensor modules in General Motors cars. He said that he had been certified to take readings off the modules since February 5, 2003. He said he responded to approximately sixty fatal crashes in 2003, after he was certified, and this was the only accident where he used the crash data retrieval system. Trooper Fox said he neither obtained a search warrant nor considered obtaining one.

After argument by counsel, the trial court asked counsel to submit memorandum of law and took the motion under advisement. The trial court granted the defendant's motion, stating

> The parties have stipulated that the automobile in question is subject to a reasonable expectation of privacy even in a damaged or unmoveable condition. Therefore, the burden shifts to the state to prove the evidence obtained by law enforcement (Highway Patrol) was obtained lawfully and within the protected realms of reasonable governmental activities. This burden by the state is uniquely embraced in the gadgetry of the automobile industry and the computerized mechanism measuring the performance of the history of the operation of the vehicle that may incriminate the driver.
>
> The Court cannot find that the proof supports any common exceptions to the requirements of issuing a search warrant. A search warrant was not used in this case, and the Court finds there are no reasonable exceptions to a warrant requirement. Therefore, the Court suppresses the evidence obtained by the tapping of the internal record contained in the computer module.
>
> It is therefore ordered, adjudged, and decreed that the evidence addressed in the Motion to Suppress is suppressed for reasons given.

On appeal, the state contends that the trial court erred in granting the defendant's motion to suppress. It claims that the defendant had no reasonable expectation of privacy in the equipment or safety features of the defendant's vehicle. The state asserts that the defendant's car was an instrument of the crime in which the defendant could have no expectation of privacy. The defendant asserts that she had an expectation of privacy in her car and that the state stipulated she had such a privacy interest at the suppression hearing. The defendant also asserts that the search does not fit any of the exceptions to the general warrant requirement.

We believe we first must address whether this court has jurisdiction over the state's appeal from the trial court's suppression order pursuant to Rule 3(c) of the Tennessee Rules of Appellate Procedure. The state's notice of appeal states: "Comes the State pursuant to T.R.A.P.3 and appeals the Order heretofore entered in this case on November 2, 2004 suppressing all the State's evidence in this case. The Suppression hearing was held on August 20, 2004."

Rule 3(c) provides only the following circumstances in which the state may appeal as of right in criminal actions:

> In criminal actions an appeal as of right by the state lies only from an order or judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) <u>the substantive effect of which results in dismissing an indictment, information, or complaint</u>; (2) setting aside a verdict of guilty and entering a judgment of acquittal; (3) arresting judgment; (4) granting or refusing to revoke probation; or (5) remanding a child to the juvenile court. The state may also appeal as of right from a final judgment in a habeas corpus, extradition, or post-conviction proceeding.

T.R.A.P. 3(c) (emphasis added). Rule 3(c) does not require an order of dismissal as a prerequisite to the state's appeal. <u>State v. Stephen Udzinski, Jr.</u>, No. 01C01-9212-CC-00380, Dickson County, slip op. at 2 (Tenn. Crim. App. Nov. 18, 1993). For example, if a trial court's order has the substantive effect of dismissing the indictment, then an appeal pursuant to Rule 3(c) is proper. <u>State v. Phillips</u>, 30 S.W.3d 372, 373 (Tenn. Crim. App. 2000); <u>State v. Collins</u>, 35 S.W.3d 582, 584 (Tenn. Crim. App. 2000). However, when the trial court's suppression of evidence does not automatically result in dismissal of the case, "the record should contain unambiguous information as to how the court's ruling affects the case." <u>Udzinski</u>, slip op. at 2; <u>see also</u> <u>Phillips</u>, 30 S.W.3d at 374 n.2 (stating the court would entertain a Rule 3(c) appeal as of right because the state's denied motion for an interlocutory appeal stated that it could not carry its burden of proof at trial without the suppressed statements because the victim was very young and there were no other witnesses).

The appellant bears the burden of providing an adequate record in order to allow meaningful review on appeal. <u>State v. Ballard</u>, 855 S.W.2d 557, 560-61 (Tenn. 1993). In this regard, we do not believe the statement in the notice of appeal constitutes evidence of the fact asserted. We also note

-3-

that although the state stated in its notice of appeal that the trial court's order suppressed "all the State's evidence in this case," it actually suppressed only "the evidence obtained by the tapping of the internal record contained in the computer module." The record reflects that the defendant was indicted on alternative counts of vehicular homicide by intoxication and by recklessness. To convict a defendant of vehicular homicide by intoxication, the state must prove that the defendant drove or was in physical control of a motor vehicle on a public road or in an area frequented by the public while under the influence of an intoxicant or while the alcohol concentration in the defendant's blood was .08% or more. See T.C.A. §§ 39-13-213, 55-10-401(a). Because the air bag sensor module would not show the defendant was under the influence of an intoxicant or had a blood alcohol concentration of .08% or higher, the first count of the indictment charging vehicular homicide by intoxication had to have been based on evidence in addition to the air bag sensor module. The state's assertion in its notice of appeal is not supported by the record.

Regarding the vehicular homicide by recklessness count, the trial court's order does not preclude the state from introducing evidence from the accident investigation or calling a reconstruction expert to give his or her opinion on the cause of the accident. We note that experts give opinion testimony about the very evidence suppressed in this case without relying on the data retrieved from air bag sensor modules. See State v. Farner, 66 S.W.3d 188, 206-08 (Tenn. 2001) (holding that a police officer's testimony using a scientific formula to determine the speed of cars involved in an accident was admissible); see also State v. Charles Drake, No. E2004-00247-CCA-R3-CD, Knox County, slip op. at 5 (Tenn. Crim. App. June 6, 2005) (discussing the methods used by accident reconstructionists for both the state and the defense); State v. Jerome D. Upman, No. 03C01-9402-CR-00052, Hamblen County, slip op. at 3-4 (Tenn. Crim. App. Aug. 2, 1994) (holding that an accident reconstructionist's testimony about the speed of the defendant's car was admissible). Trooper Fox testified at the suppression hearing that since he had been trained to use the crash data retrieval system, there had been approximately sixty fatal accidents investigated and that this was the only accident in which the crash data retrieval system was used.

Nothing in the record exists to indicate that the suppression of the information taken from the air bag sensor module effectively results in the dismissal of either count of the indictment. In fact, the record indicates to the contrary. At the motion to suppress hearing, the state told the trial court that the police seized the car "as a piece of evidence in a vehicular homicide case," not that it was the only evidence it had. The state also told the court that the reason officers took the reading from the air bag sensor module is because they knew "the car went across the centerline and you had a head-on crash. They are doing an investigation." The air bag sensor module would not have told officers what lane the car was in or how the impact occurred. The prosecutor's statements at the motion to suppress hearing are inconsistent with the state's assertion in its notice of appeal that the information from the sensor constituted "all the State's evidence," and we decline to give the incredible assertion the weight necessary to make this appeal proper under Rule 3. We conclude that this court does not have Rule 3 jurisdiction. See Collins, 35 S.W.3d at 584 (stating that an appeal pursuant to Rule 9 or Rule 10 of the Tennessee Rules of Appellate Procedure are "the only procedures available for the State to seek review of an interlocutory order which does not have the substantial effect of dismissing the charges").

-4-

We now determine whether we should suspend the rules pursuant to Rule 2 of the Tennessee Rules of Appellate Procedure to address the appeal. Rule 10 of the Tennessee Rules of Appellate Procedure allows an extraordinary appeal of interlocutory orders when it is established that 1) the ruling of the court below represents a fundamental illegality, 2) the ruling constitutes a failure to proceed according to the essential requirements of the law, 3) the ruling is tantamount to the denial of either party of a day in court, 4) the action of the trial judge was without legal authority, 5) the action of the trial judge constituted a plain and palpable abuse of discretion, or 6) either party has lost a right or interest that may never be recaptured. State v. Willoughby, 594 S.W.2d 388, 392 (Tenn. 1980). Upon review, we conclude that the trial court did not depart from the accepted and usual course of proceedings. The Advisory Commission Comments to Rule 10 note that the circumstances in which review is available under Rule 10 are very narrow. See T.R.A.P. 10. We conclude that the state has failed to establish any of the above factors allowing a Rule 10 extraordinary appeal. We believe this appeal is improper, and we dismiss the state's appeal.

CONCLUSION

Based on the foregoing and the record as a whole, we dismiss the state's appeal.

_____
JOSEPH M. TIPTON, JUDGE