# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### March 26, 2008 Session

## STATE OF TENNESSEE v. RE'LICKA DAJUAN ALLEN

**Direct Appeal from the Criminal Court for Knox County**
**No. 77455      Mary Beth Leibowitz, Judge**

---

**No. E2007-01018-CCA-R3-CD - Filed February 12, 2009**

---

J.C. McLɪɴ, Judge, dissenting.

Because the state, as the appellant, failed to meet its burden of proving that the trial court committed an abuse of discretion by suppressing the evidence, I must respectfully dissent from the majority.

The state's refusal to disclose the discovery material it was obligated to provide was a violation of the rules of discovery. Specifically, the rule states that: "[u]pon a defendant's request, the state shall disclose to the defendant . . . (I) the defendant's relevant written or recorded statements, or copies thereof . . . ." Tenn. R. Crim. P. 16(a)(1)(B). "'[S]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution.'" *Sample v. State*, 82 S.W.3d 267, 270 (Tenn. 2002) (quoting *Brady v. Maryland*, 373 U.S. 83, 87 (1963)). A defendant may be accorded certain remedies based upon the state's noncompliance. Rule 16(d)(2)(A)-(D) of the Tennessee Rules of Criminal Procedure provides as follows:

> If a party fails to comply with this rule, the court may: (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions; (B) grant a continuance; (C) prohibit the party from introducing the undisclosed evidence; or (D) enter such other order as it deems just under the circumstances.

The exchange of discovery matters is regulated by our Tennessee Rules of Criminal Procedure. Specifically, Rule 16(d)(2)(D) governs the exchange in criminal matters:

> Although Rule 16 of the Rules of Criminal Procedure does not explicitly provide as one of the sanctions the dismissal of the indictment after failure to comply with a discovery request or order, the rule does provide that the court may enter such sanction "as it deems just under the circumstances." Tenn. R. Crim. P. 16(d)(2)(D). This opened-ended language of the Rule authorizes the dismissal of an indictment in

certain circumstances when a court would otherwise have "no effective sanction for failure to comply with its order." *State v. Collins*, 35 S.W.3d 582, 585 (Tenn. Crim. App. 2000); *see also State v. Freseman*, 684 S.W.2d 106, 107 (Tenn. Crim. App. 1984) (suggesting that if a trial court has the authority to dismiss a case as a sanction for failure to comply with discovery orders, it is implied authority pursuant to Tenn. R. Crim. P. 16(d)(2)). However, the Rule provides the court with many other methods for assuring compliance without resorting to such extreme measures. A trial court has wide discretion in fashioning a remedy for non-compliance with a discovery order, and the sanction should fit the circumstances of the case. *See Collins*, 35 S.W.3d at 585.

*State v. Downey*, - - - S.W.3d - - - , No. M2005-02335-SC-R11-CD, 2008 WL 3540371, at *9 (Tenn. 2008). After providing this analysis, the court held that "[g]iven the discretion afforded the trial court in fashioning the penalty, we conclude that the trial court's decision to suppress . . . was sufficient penalty for the State's discovery violation." *Id*. Furthermore, "[i]t is well settled that decisions with regard to pre-trial discovery matters rest within the sound discretion of the trial court. The decision of the trial court in discovery matters will not be reversed on appeal unless a clear abuse of discretion is demonstrated." *Benton v. Snyder*, 825 S.W.2d 409, 416 (Tenn. 1992). "The abuse of discretion standard contemplates that before reversal the record must show that a judge 'applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining.'" *State v. Coley*, 32 S .W.3d 831, 833 (Tenn. 2000) (citations omitted) *overruled on other grounds* by *State v. Copeland*, 226 S.W.3d 287 (Tenn. 2007).

In the instant case, the hearing on the state's motion to reconsider arose from the trial court's issuance of a third protective order requiring disclosure of the requested discovery materials under Rule 16 of the Tennessee Rules of Criminal Procedure. The state's blatant, continued refusal to disclose the requested discovery created the very problem which forced the trial court to suppress the evidence. The trial court issued a total of three protective orders requiring disclosure, and the state refused to comply each time. The third order came after the appellate court, upon interlocutory appeal, affirmed the trial court's two previous orders. The state had ample time to comply, and its failure to do so is evidence of its intentional bad faith. The period of time ranging from the trial court's issuance of the first protective order to the passage of the Adam Walsh Act was more than two-and-half years. Assuming the state was entitled to excuse its delay in part based upon its reliance on the appellate court's interlocutory ruling, the state still refused to turn over the requested discovery for a period of more than one year and four months before the passage of the Adam Walsh Act. Even more importantly, the state has offered no justification for its failure to comply with the court's orders at any point in time. I would also note that the trial court's decision was further complicated by the state's eleventh-hour willingness to provide the discovery to the defendant only under threat of potential federal prosecution. Based on the passage of the Adam Walsh Act, it appeared that anyone, including defense counsel, its staff, or experts retained by the defendant, faced possible federal prosecution once they took possession of the discovery material. Given the precarious position that both the defendant and the court were placed in by the state if they accepted the discovery material, it is my view that the trial court did not err when it found that it had "no other

reasonable alternative" but to suppress the evidence. *See State v. Smith*, 926 S.W.2d 267, 270 (Tenn. Crim. App. 1995).

As identified previously, the state, as the appealing party, has a duty to demonstrate that the trial court abused its discretion by suppressing the evidence. *Snyder*, 825 S.W.2d at 416. The state is unable to show how, or in what manner, the trial court committed such abuse. The state argues without citation to legal authority, that there was "no need for the trial court to take the drastic measure of *sua sponte* suppressing the evidence" and further contends that there was "no lawful basis" for suppression. As noted above, the trial court clearly had the discretion to suppress the evidence. *See Downey*, 2008 WL 3540371, at *9. It is the state who has appealed, and it is the state that has failed to meet its burden of showing that the trial court abused its discretion by suppressing the evidence or abused its inherent powers to dismiss a case for failure to comply with discovery. *Iverson v. Expert Tune, Inc.*, 553 So. 82, 87 (Ala. 1989).

I agree with the majority that the trial court could have and should have sanctioned the state by holding it in contempt for its willful non-compliance with the court's repeated orders. However, this remedy, in my view, is not one that the trial court was necessarily required to employ. Furthermore, arguing that the trial court erred because it did not exhaust all possible remedies before suppressing the evidence erroneously shifts the burden from the state as the appellant, whose obligation it is to show an abuse of discretion, by the trial court. The majority opinion imposes an affirmative duty upon the trial court to show why it did not hold the state in contempt or institute any other remedies before suppressing the evidence. Because the function of this appellate court is to act as a court of error, it is my opinion that the majority opinion exceeds this court's authority by requiring that the trial court first exhaust all other remedies before finding that it acted within its discretion under Rule 16 by suppressing the evidence in this case.

For the reasons stated above, I would affirm the judgment of the trial court.

_____
J.C. McLIN, JUDGE