IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 19, 2012

## STATE OF TENNESSEE v. ANGELA M. MERRIMAN

**Appeal from the Circuit Court for Warren County**
**No. F-12979      Larry B. Stanley, Judge**

**No. M2011-01682-CCA-R3-CD - Filed February 17, 2012**

The State of Tennessee appeals as of right the Warren County Circuit Court's dismissal of three counts of an indictment charging the defendant, Angela M. Merriman, with driving under the influence (DUI), second offense; felony reckless endangerment; and reckless driving. Following our review of a destruction of evidence issue under an abuse of discretion rather than a de novo standard, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JERRY L. SMITH and CAMILLE R. MCMULLEN, JJ., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Lisa Zavogiannis, District Attorney General; and Darrell Julian, Assistant District Attorney General, for the appellant, State of Tennessee.

L. Scott Grissom, Assistant Public Defender, McMinnville, Tennessee, for the appellee, Angela M. Merriman.

## OPINION

On February 18, 2011, the Warren County grand jury charged the defendant with one count of second offense DUI, one count of reckless endangerment, one count of reckless driving, one count of driving on a suspended license, and one count of violation of the implied consent law. On July 8, 2011, the defendant filed a motion to dismiss the indictment due to the State's failure to preserve or produce the digital video recording of the pursuit and stop leading to her arrest. Following an evidentiary hearing, the trial court ruled that the State's failure to preserve the recording violated the defendant's right to a fair trial and dismissed the DUI, reckless endangerment, and reckless driving counts of the indictment.

The State then timely appealed the trial court's ruling to this court pursuant to Tennessee Rule of Appellate Procedure 3(c). *See* T.R.A.P. 3(c) ("In criminal actions an appeal as of right by the [S]tate lies only from an order or judgment entered by a trial court . . . to the . . . Court of Criminal Appeals: (1) the substantive effect of which results in dismissing an indictment . . . .").

On appeal, the State contends that the trial court erroneously dismissed the charges by improperly weighing the considerations pertinent to the State's failure to preserve evidence. The defendant contends that the trial court's ruling is correct. In *State v. Ferguson*, 2 S.W.3d 912 (Tenn. 1999), our supreme court ruled that the due process principles of the Tennessee Constitution require that the State's failure to preserve evidence which could be favorable to the defendant must be evaluated in the context of the entire record. *Ferguson*, 2 S.W.3d at 916-17. If the State has a duty to preserve the evidence, the reviewing court must conduct a balancing test based upon the following three factors:

> 1. The degree of negligence involved;
>
> 2. The significance of the destroyed evidence, considered in light of the probative value and reliability of secondary or substitute evidence that remains available; and
>
> 3. The sufficiency of the other evidence used at trial to support the conviction.

*Id.* at 917. If the trial court's consideration of these factors reveals that a trial without the lost or destroyed evidence would be fundamentally unfair, the trial court may dismiss the charges, provide a special jury instruction, or take steps necessary to protect the defendant's right to a fair trial.

Initially, we observe that the State urges this court to review the trial court's ruling de novo, while the defendant argues that the proper standard of review of the trial court's ruling on a motion to dismiss is abuse of discretion. The standard of review of a trial court's ruling on a motion to dismiss charges via *Ferguson* has not been specifically addressed. *But see State v. Lonnie T. Lawrence and Patrick D. Pickett*, No. E2007-00114-CCA-R9-CD (Tenn. Crim. App., Knoxville, Mar. 17, 2008) (applying an abuse of discretion standard to the review of a trial court's exclusion of evidence for a *Ferguson* violation); *State v. Harris*, 33 S.W.3d 767, 769 (Tenn. 2000) (appropriate standard of review for a trial court's ruling on a motion to dismiss is, generally, abuse of discretion). In *State v. Collins*, 35 S.W.3d 582, 584 (Tenn. Crim. App. 2000), *perm. app. denied* (Tenn. 2000), this court utilized an abuse of discretion standard of review when analyzing the propriety of a trial

court's dismissal of charges for the State's failure to comply with discovery requirements pursuant to Rule 16 of the Tennessee Rules of Criminal Procedure. In so doing, this court noted that "a trial court has great discretion in fashioning a remedy for non-compliance with discovery." *Id*. at 585.

In contrast, this court has applied a de novo standard of review to a trial court's ruling regarding hearsay evidence. *State v. Gilley*, 297 S.W.3d 739 (Tenn. Crim. App. 2008). In *Gilley*, this court reasoned that hearsay rulings should be reviewed de novo because a statement determined to be hearsay not subject to an exception "is, purely and simply, inadmissible . . . [,] the court has no discretion to hold otherwise, and to utilize an abuse of discretion standard at this point in the analysis 'would have us defer to a discretion that the trial court does not possess.'" *Gilley*, 297 S.W.3d at 760 (citing *State v. Edison*, 9 S.W.3d 75, 78 (Tenn. 1999) (quoting Tipton, J.)).

When the State fails to preserve evidence favorable to the defendant "[d]ismissal is . . . one of the trial judge's options." *Ferguson*, 2 S.W.3d at 917. The trial court may utilize remedies ranging from a limiting instruction to dismissal of charges to protect the defendant's right to a fair trial. *Id*. Thus, as in the case of violations of discovery rules via Rule 16, the trial court is afforded wide discretion in fashioning a remedy for the State's failure to preserve evidence. Accordingly, we conclude that an abuse of discretion standard is appropriate to our review. This standard of review "contemplates that before reversal the record must show that a judge 'applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining.'" *State v. Coley*, 32 S.W.3d 831, 833 (Tenn. 2000) (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)). We now turn our attention to the facts regarding the trial court's consideration of the State's failure to preserve evidence in this case.

At the evidentiary hearing concerning the defendant's motion to dismiss, McMinnville Police Department Officer Robert Hammond testified that he first observed the defendant "coming into [his] lane of traffic" as they traveled in opposite directions down a three-lane highway. Officer Hammond activated his dashboard camera and turned around to pursue the defendant. He then observed the defendant's driving and eventually stopped the defendant's vehicle. According to Officer Hammond, the digital video recording would have shown the operation of the vehicle, his interrogation of the defendant during which she admitted taking hydrocodone earlier that day, and the defendant's performance, in part, of two field sobriety tests. Officer Hammond testified that the recording also would have shown the defendant's refusal to submit to blood alcohol testing and her ultimate arrest.

Relevant to the *Ferguson* factors, the State conceded at the evidentiary hearing that it had a duty to preserve the recording. Officer Hammond testified that,

contemporaneously to the defendant's arrest, he reviewed the digital video recording from his patrol car in preparation of his "field notes." Officer Hammond then delivered the hard drive containing the recording to a sergeant responsible for transferring the recording to a disc and maintaining the disc as evidence. When Officer Hammond inquired about the disc in preparation for trial, the sergeant was unable to locate the recording. Officer Hammond testified that the recording was "just lost."

The trial court found that the State had a duty to preserve the recording and failed to do so. Although not specifically characterizing the negligence as gross or otherwise, the trial court opined that some negligence was involved because the item had been simply lost. The trial court also found that the recording contained "very strong evidence" of the facts of the case – facts that could refute or support either party's theory. The court noted that in the absence of the recording, the evidence would consist purely of a "he said, she said" account of the incident. Although noting that the consideration of the *Ferguson* factors presented a "close call," the trial court ruled that dismissal of the charges was appropriate to ensure fundamental fairness to the defendant. The trial court also specifically ruled that a jury instruction regarding missing evidence would not sufficiently protect the defendant's rights in light of the significance of the lost evidence.

In our view, the record fails to show that the trial court "applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice" to the State in dismissing the charges based upon the State's failure to preserve evidence which could be favorable to the defendant. *See Shirley*, 6 S.W.3d at 247. Accordingly, we conclude that the trial court did not abuse its discretion and affirm the judgment.

_____
JAMES CURWOOD WITT, JR., JUDGE